### BRYANT LEE V. THE STATE.

#### No. 3086.    Decided December 17, 1904.

**Adultery—Information—Marriage.**

An information which alleged that appellant being then and there lawfully married to another person, to wit.: Alice Lee, who was then and there living, had carnal intercourse with Addie Anderson, etc.; sufficiently alleged the fact that defendant and the party with whom he committed adultery were not married to each other.

Appeal from the County Court of Newton. Tried below before Hon. S. A. Lindsey.

Appeal from a conviction of adultery; penalty, a fine of $200.

The information after the formal part alleged that defendant did then and there and anterior to the filing of the complaint, in the county and State aforesaid, unlawfully live together and have carnal intercourse with Addie Anderson, a woman, he the said Bryant Lee being then and there lawfully married to another person, to wit: Alice Lee, who was then and there living and whose former and maiden name is unknown to affiant contrary to the law and against the peace and dignity of the State.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of adultery, fined $200, and appeals. There is no statement of facts or bill of exceptions in the record. Appellant questions the information on the ground that it fails to allege that defendant and Addie Anderson (the party with whom the adultery was alleged to have been committed) were not married to each other. An examination of the information shows that this allegation is sufficiently certain. The information states that ap-

pellant "being then and there lawfully married to another person, to wit: Alice Lee, who was then and there living, had carnal intercourse with Addie Anderson." This, under all the authorities, is sufficient. The judgment is affirmed.

*Affirmed.*